```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALLAH JUSTICE,

                Plaintiff,              MEMORANDUM & ORDER
                                        07-CV-3800(JS)(WDW)
        – against –

CORRECTIONAL OFFICER, JOHN DOE,
NASSAU COUNTY JAIL,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Allah Justice, Pro Se
                   # 08006342
                   E2-A-32
                   Nassau County Correctional Facility
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    Ryan Singer, Esq.
                   Diane C. Petillo, Esq.
                   Office of the Nassau County Attorney
                   One West Street
                   Mineola, NY 11501
```

SEYBERT, District Judge:

On September 10, 2007, pro se Plaintiff Allah Justice filed a Complaint alleging violations of 42 U.S.C. § 1983. On September 14, 2009, Defendants filed a motion to dismiss for failure to prosecute. Although over two months have passed, Plaintiff has not responded to Defendants' motion to dismiss. For the reasons stated below, Plaintiff's Complaint is DISMISSED.

## DISCUSSION

### I. Defendants' Motion is Granted

On March 3, 2008, Magistrate Judge William D. Wall issued a scheduling order scheduling a telephone initial conference for

April 2, 2008. A copy of this Order was sent to Plaintiff and later returned to the Court as "undeliverable." As a result, the April 3, 2008 conference was adjourned and later rescheduled for July 8, 2008. Plaintiff failed to appear at the scheduled conference, and as a result, Judge Wall scheduled a second conference for August 7, 2008.

On June 6, 2008, Defendants mailed a proposed scheduling order to Plaintiff. Plaintiff did not respond. After Plaintiff again failed to appear at the scheduled August 7, 2008 conference, Judge Wall issued a Report and Recommendation recommending that Plaintiff's case be dismissed for failure to prosecute.

However, on September 18, 2008, the Court received a letter from Plaintiff, indicating a change of address and stating that Plaintiff had not received the Court's previous Orders. (Docket Entry # 22.) Given Plaintiff's pro se status, the Court rejected Judge Wall's Report and Recommendation and granted Plaintiff another opportunity to prosecute his case. The Court specifically advised Plaintiff that "his pro se status [did] not excuse Plaintiff from his responsibility to prosecute his case. . . . Any further failures to comply with the Court's Orders may result in dismissal of Plaintiff's case." (Dec. 15, 2008 Order). Thereafter, Plaintiff was granted until July 31, 2009 to file a narrative statement. Plaintiff failed to do so. Additionally, Plaintiff again failed to appear at a conference scheduled for

November 18, 2009.

The Second Circuit has held that district courts dismissing a plaintiff's complaint for failure to prosecute must first consider: "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, 222 F.3d 52, 63 (2d Cir. N.Y. 2000).

Plaintiff has been given numerous opportunities to prosecute his case, yet he has failed to do so. Plaintiff has not appeared for several conferences, has failed to respond to Defendants' filings, and has not contacted the Court in this case since September of 2008. Thus, "[p]rejudice to [D]efendants resulting from [Plaintiff's] unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Plaintiff had a duty to apprise the Court of his updated contact information and to respond to the Court's Order. Because Plaintiff failed to meet that duty, and has long delayed in prosecuting his case, the Court finds that Plaintiff's actions, or lack thereof, warrant dismissal of Plaintiff's Complaints. See Boyd v. City of

New York, No. 05-CV-5747, 2008 U.S. Dist. LEXIS 32671, at *2 (E.D.N.Y. Apr. 21, 2008) (dismissing pro se plaintiff's case for failure to prosecute); Oparaji v. N.Y. City Dep't of Educ., No. 02-CV-3900, 2006 U.S. Dist. LEXIS 56481, at *4 n.1 (E.D.N.Y. July 19, 2006) ("It is well-established that a district court may, as here, exercise its discretion and even sua sponte dismiss an action for failure to prosecute.").

Accordingly, the Court GRANTS Defendants' motion to dismiss for failure to prosecute.

## II. In Forma Pauperis Status on Appeal is Denied

The Court certifies that an appeal of this Order would not be taken in good faith and therefore denies in forma pauperis status for purposes of an appeal. The Court finds that an attempt to seek appellate review of the issues in this case would be frivolous. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21, 28 (1962). ("We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous. In so doing, we note that if in forma pauperis litigation is attempted for reasons that may genuinely be characterized as the litigant's 'bad faith,' express authority exists in 28 U. S. C. § 1915 (d) for dismissal of the cause as frivolous.").

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss for failure to prosecute and DISMISSES this case. <u>In</u> <u>forma</u> <u>pauperis</u> status on appeal is DENIED. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
December 1, 2009